**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEMUR RUSTAMOV,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   21-70148<br><br>Agency No. A215-639-487<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Temur Rustamov, a native and citizen of Russia, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Rustamov's failure to disclose prior arrests and implausible testimony as to his ability to obtain a passport and travel freely. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) (testimony that is implausible in light of country condition reports may support an adverse credibility finding); *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (omissions must be weighed in light of the totality of the circumstances and all relevant factors). Rustamov's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject as unsupported by the record Rustamov's contentions that the IJ failed to consider his explanations or otherwise erred in the credibility analysis. Thus, in the absence of credible testimony, in this case, Rustamov's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not reach Rustamov's contentions concerning the serious non-political crime bar. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

In his opening brief, Rustamov does not contend that the BIA erred in finding he waived any challenge to the to the IJ's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief).

**PETITION FOR REVIEW DENIED.**